```
 1
 2
 3
 4
 5
 6                          UNITED STATES DISTRICT COURT
 7                                DISTRICT OF NEVADA
 8                                      * * *
 9   KEVIN H. SULLIVAN,              )
                                     )
10              Plaintiff,           )     3:12-CV-00612-LRH-WGC
                                     )
11     v.                            )
                                     )
12   LUMBER LIQUIDATORS, INC,        )
                                     )
13              Defendant.           )
                                     )
14                                   )
     LUMBER LIQUIDATORS, INC,        )
15                                   )
                Plaintiff,           )
16                                   )     2:13-CV-00070-GMN-VCF
       v.                            )
17                                   )
     KEVIN H. SULLIVAN, an individual; )   ORDER
18   TAFOYA & GARCIA LLP, a limited liability )
     partnership,                    )
19                                   )
                Defendants.          )
20                                   )
```

This is a consolidated action concerning the confirmation of an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Before the court in case number 3:12-cv-00612-LRH-WGC ("the confirmation case") are petitioner Kevin H. Sullivan's Petition for Judicial Review (#1[1]) and his unopposed Motion to Consolidate (#27) the confirmation case with respondent Lumber Liquidators, Inc.'s ("Lumber Liquidators") separate interpleader action. Also

---

[1] Refers to the court's docket number.

before the court is Lumber Liquidators' Cross Motion to Modify Arbitration Award (#21), to which Sullivan has responded (#26) and Lumber Liquidators has replied (#30).

Before the court in case number 2:13-cv-00070-GMN-VCF ("the interpleader action") is Sullivan's Motion to Dismiss (#14), to which Lumber Liquidators has responded (#21) and Sullivan has replied (#23). In addition, Lumber Liquidators has filed a Motion for Leave to Deposit Proceeds of Arbitration Award and for Discharge and Dismissal with Prejudice (#16), to which Sullivan has responded (#17) and Lumber Liquidators has replied (#19).

Finally, Sullivan has filed a Motion for Attorney's Fees (#38) in the confirmation case and a Motion for Sanctions (#24) in the interpleader action. Lumber Liquidators' responses and Sullivan's replies duly followed.

**I.      Facts and Procedural History**

Petitioner Sullivan is the brother of Tom Sullivan, the principal founder of respondent Lumber Liquidators. In 2005, Sullivan and Lumber Liquidators entered into an employment agreement (the "Agreement") that mandated the arbitration of certain disputes. Lumber Liquidators terminated Sullivan in December 2008, spawning two rounds of arbitration under the Agreement. In the first round, the arbitrator awarded Lumber Liquidators $359,389 in October 2010 for Sullivan's violation of a non-compete clause. In the second round, a different arbitrator awarded Sullivan $1,245,097 in November 2012 for Lumber Liquidators' retaliatory discharge of Sullivan.

Lumber Liquidators brought suit in the District of Massachusetts to confirm the first arbitration award, and the court entered judgment confirming the award on January 20, 2012. Sullivan brought suit in this court seeking to confirm the second arbitration award on November 16, 2012. After the Central District of California dismissed Lumber Liquidators' Motion to Modify the Arbitration Award, Lumber Liquidators filed that Motion here.

**II.     Discussion**

Consolidation of the confirmation action and the interpleader action is appropriate. In addition, Sullivan's Petition for Judicial Review is granted subject to a setoff against the amount he

owes Lumber Liquidators. Finally, the interpleader action is dismissed for lack of subject matter jurisdiction, and Sullivan's Motion for Attorney's Fees is denied.

### A. Motion to Consolidate

Sullivan has moved to consolidate the confirmation case with the interpleader action. Under Federal Rule of Civil Procedure 42, a court may consolidate actions that "involve a common question of law or fact." Following the consideration of mostly practical factors—the risk of delay, the risk of prejudice or confusion, the burden on the parties and the court—the grant or denial of a motion to consolidate rests in the court's sound discretion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.1990).

Here, consolidation of the interpleader action with the confirmation case is appropriate. The interpleader action addresses the same funds at issue in the confirmation case. The interpleader action also involves a request for a setoff from the 2012 arbitration award. Moreover, consolidation will reduce the risk of conflicting judgments, lessen delay, and preserve both judicial and party resources. Finally, Lumber Liquidators has agreed that consolidation is appropriate, suggesting that consolidation will not result in prejudice to either party.

### B. Lumber Liquidators' Motion to Modify Arbitration Award

Lumber Liquidators has moved the court to set off the second arbitration award against the first arbitration award before the court confirms the second arbitration award. Federal court review of arbitration awards is "extremely limited." *Kyocera Corp. v. Prudential–Bache*, 341 F.3d 987, 998 (9th Cir. 2003). Under 9 U.S.C. § 11(c), the court may "modify and correct" an arbitration award "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." In *UBS Fin. Servs., Inc. v. Riley*, 2012 WL 1831720, at *3 (S.D. Cal. May 18, 2012), upon which Lumber Liquidators relies, the court held that § 11(c) contemplated modifications of arbitration awards to reflect setoffs. "Allowing for a setoff would not require the Court to reconsider the merits, and it would not affect the amount of damages awarded to either party." *UBS*, 2012 WL 1831720, at *3.

Sullivan attacks the propriety of a setoff in three primary ways. First, Sullivan accuses Lumber Liquidators of "claim splitting" for seeking this setoff along with pursuing other, contemporaneous collection actions. The doctrinal bar against claim splitting prevents "a defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citation omitted). The Ninth Circuit applies the test for claim preclusion to determine if the bar against claim splitting applies. *Adams v. California Dep't of HealthServs.*, 487 F.3d 684, 688-89 (9th Cir. 2007). This test examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same" in determining if a subsequent action is duplicative and therefore precluded. *Id.* at 689. In contrast to the test for claim preclusion, however, under the claim-splitting test, the prior action need not have reached final judgment; rather, the court asks *if* the first suit were already final, could the second suit "be precluded pursuant to claim preclusion." *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002).

With respect to the collection actions at issue here, Sullivan's claim-splitting attack is toothless. Considering a very similar argument, the court in *Clinton v. Hendricks & Lewis, PLLC*, C11-1142RSL, 2012 WL 627997, at *1 (W.D. Wash. Feb. 27, 2012) noted that "[a] judgment creditor may enforce a judgment through one or more supplemental collection proceedings filed anywhere the judgment debtor has property subject to levy." This means that collection actions—which may be particular to each asset against which the creditor hopes to execute judgment—may fail the "same causes of action" prong of the claim preclusion test. *See Adams*, 487 F.3d at 689. Furthermore, the *Clinton* court provided two sound policy reasons for holding that distinct collection actions do not constitute claim splitting: first, otherwise "judgment debtors who hold assets in multiple jurisdictions could force a creditor . . . to seek execution" in only one district, and second, "an attempt to execute on a single asset in the forum would preclude subsequent attempts to execute on other, later-identified property." 2012 WL 627997 at *1. Therefore, Sullivan's claim-splitting argument fails.

Second, Sullivan contends that the first arbitration award is subject to vacatur or that Lumber Liquidators has waived the setoff issue by failing to raise it with the arbitrator. The District of Massachusetts effectively answered the vacatur claim by denying it. *See Lumber Liquidators, Inc. v. Sullivan*, 2013 WL 1633105, at *4 (D. Mass. Mar. 28, 2013). And in *UBS*, the court awarded a setoff pursuant to 9 U.S.C. § 11(c) even where the setoff had not been raised in arbitration. 2012 WL 1831720 at *3. Furthermore, since setoff is a "modification" of an award "imperfect in matter of form," *id.*, Sullivan's waiver argument collapses in the face of the FAA's explicit grant of authority to courts to modify the "form" of an arbitration award, *see* 9 U.S.C. § 11.

Finally, Sullivan alleges that Lumber Liquidators' calculation of the first arbitration award is flawed and overstated. Sullivan claims both that Lumber Liquidators has already collected some (unspecified portion) of the judgment amount through collection actions, and that it has overstated the interest owed. With respect to the former point, the court can readily discount Lumber Liquidators' setoff by the amount it has already collected. With respect to the latter point, Sullivan has failed to show why Lumber Liquidators' request for "2.5%" interest on a writ of execution means that the otherwise undisputed 12% interest rate does not apply.[2]

**C. Interpleader Action**

Lumber Liquidators has attempted to interplead Sullivan and Sullivan's former counsel, Tafoya & Garcia, LLP, with respect to the proceeds of the second arbitration award. Lumber Liquidators alleges that Tafoya & Garcia's (now extinguished) attorney's lien on these proceeds makes interpleader appropriate. Lumber Liquidators has brought this action under Federal Rule of Civil Procedure 22 and, like any other action in federal court premised on diversity of citizenship, the party invoking federal jurisdiction has the burden of properly establishing it. *See, e.g.*, *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000). This court has an obligation to

---

[2] Sullivan's remaining argument, pertaining to an attorney's lien filed by his former counsel on the proceeds of the arbitration award, has been mooted by a settlement between Sullivan and his former counsel. (*See* Notice of Settlement #12, 3:13-cv-00070-GMN-VCF.)

examine its own subject matter jurisdiction whether a party has challenged it or not. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

Here, Lumber Liquidators has failed to properly establish diversity jurisdiction under 28 U.S.C. § 1332 by failing to allege the citizenship of the defendant partnership Tafoya & Garcia, LLP. The citizenship of a partnership for the purposes of diversity jurisdiction is the citizenship of each partner. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). And the citizenship of a natural person (like one of the partners in Tafoya & Garcia) is determined by his or her domicile: the place he or she resides with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In particular, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

Here, Lumber Liquidators has alleged the following: "Robert Tafoya and David Garcia are the only partners of Tafoya & Garcia, both with residences in Los Angeles, California. Tafoya & Garcia's only office is located [in Los Angeles]." (Complaint #1, ¶ 4.) These lone allegations of residence are insufficient to establish citizenship, and therefore Lumber Liquidators has failed to properly invoke this court's subject matter jurisdiction. *See Kanter*, 265 F.3d at 857. Accordingly, the interpleader action is dismissed without prejudice.

**D.  Attorney's Fees**

Sullivan has moved for Lumber Liquidators to pay Tafoya & Garcia's attorney's fees—to the tune of over $500,000 including interest—as these fees relate to litigation prior to the second arbitration.[3] Sullivan had initially filed his retaliatory discharge complaint in California state court, where he was represented by Tafoya & Garcia. By the time the court compelled arbitration, however, Sullivan had switched his representation to Thad Davis, his current counsel. During the course of the present litigation, Tafoya & Garcia asserted a lien against the arbitration award. While

---

[3] Sullivan has also requested attorney's fees in connection with his Petition, but he has provided no authority for such a request, nor does his request comply with Federal Rule of Civil Procedure 54 or Local Rule 54-16. His request is accordingly denied.

Sullivan and Tafoya & Garcia settled this dispute (which involved a payment on Sullivan's part), Sullivan now requests attorney's fees for Tafoya & Garcia *on top of* the arbitration award. Sullivan bases his motion on Federal Rule of Civil Procedure 54 and "the state and federal fee-shifting statutes" at issue in the second arbitration. These statutes include the fee-shifting provisions of the Family Medical Leave Act, 29 U.S.C. § 2617(a)(3), and the California Family Rights Act, Cal. Gov't. Code § 12965(b).

Sullivan's motion fails four times over. First, in the arbitrator's fee award, the arbitrator specifically "excluded [Tafoya & Garcia's] time, as it would have been duplicative of the current counsel's review and preparation of the case." (Arbitrator's Final Decision & Award #38-5, p. 6.) Since this court has no power to alter the merits of the arbitration award without some very strong reasons, *see* 9 U.S.C. § 10, Sullivan's unsupported request for this court to countermand the arbitrator's conclusion is improper. Furthermore, the arbitrator's determination that Tafoya & Garcia's time is "duplicative" of Davis' time refutes Sullivan's argument that "there was no discernible overlap in the work of Tafoya & Garcia versus that of arbitration counsel [*i.e.*, Davis]." (Sullivan's Mot. for Atty's Fees #38, p. 5.)

Second, the Agreement itself provides that "[a]ll disputes arising out of . . . this Agreement" be resolved by arbitration. (Agreement #22-1, ¶ 18.) Other courts have construed this language to include awards of attorney's fees. For example, in *Menke v. Monchecourt*, 17 F.3d 1007, 1010 (7th Cir. 1994), the court held that where the arbitration agreement "provided that 'any dispute arising from the contract' would be submitted to arbitration," the district court had no authority to essentially modify the arbitrator's findings by awarding attorney's fees. *See also Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986) (cited by the *Menke* court).

Third, Sullivan himself has spent considerable effort in this litigation discrediting the idea of a fee award for Tafoya & Garcia. For example, Sullivan has argued that Tafoya & Garcia was paid in full and that no part of his success is attributable to Tafoya & Garcia. (*See* Sullivan's Opposition #26, pp. 15-17.) Courts generally frown on allowing a party to gain an advantage by

7

asserting "clearly inconsistent" positions in the same litigation. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (discussing the doctrine of judicial estoppel).

Fourth, Sullivan's motion fails to comply with Local Rule 54-16. This rule requires "a reasonable itemization and description of the work performed," but Sullivan's itemization presents, in its entirety, the following list of work performed by Tafoya & Garcia: "draft complaint," "attention to removal issues," "pleading motions," "dispositive motions," "medical experts and depositions," "court appearances," "process of [referral] to arbitration," "motion to compel and sanctions [regarding] deposition of Darlene Aery," "mediation." (*See* Davis Decl. #38-2, ¶ 7.) Sullivan has presented no accounting of the time spent on each task, no elaboration of categories like "dispositive motions," no identification of the length or complexity of the "court appearances." This itemization falls far short of a reasonable one; indeed, based on this skeletal report, the court could not calculate a reasonable fee even if it were so inclined. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (holding that the court begins its calculation of reasonable fees by multiplying the hours reasonably spent on the case by a reasonable hourly rate). Therefore, Sullivan's motion for attorney's fees is denied.

## III.  Conclusion

Sullivan's confirmation action and the interpleader action are consolidated. Sullivan's arbitration award, reduced by the amount he owes Lumber Liquidators, is confirmed. The interpleader action is dismissed, and Sullivan's Motion for Attorney's Fees is denied.

IT IS THEREFORE ORDERED that Sullivan's Motion to Consolidate (#27) is GRANTED. The cases numbered 3:12-CV-00612-LRH-WGC and 2:13-CV-00070-GMN-VCF are hereby consolidated. The former action will be the base case and the latter action, the member case. The clerk of court is directed to file this order in both cases.

IT IS FURTHER ORDERED that Sullivan's Petition for Judicial Review (#1) is GRANTED subject to Lumber-Liquidators' Cross Motion to Modify Arbitration Award (#21), which is also GRANTED. The clerk of court is directed to enter judgment in favor of Sullivan in

the amount of $1,245,097.43 plus post-judgment interest of 12% per year from November 16, 2012, until the satisfaction of this judgment, as reduced by Lumber Liquidators' judgment against Sullivan in the amount of $359,389 plus post-judgment interest of 12% per year from November 4, 2010, until the date of entry of this order. The setoff amount shall also be reduced by any amount that Lumber Liquidators has collected or will collect from Sullivan through collateral collection actions.

IT IS FURTHER ORDERED that Lumber Liquidators' interpleader action, number 2:13-CV-00070-GMN-VCF, is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Sullivan's Motion for Attorney's Fees (#38) is DENIED.

IT IS SO ORDERED.

DATED this 8th of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE